ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Petition of - ) | |
| ) | |
| Relyant Global LLC ) | ASBCA No. 64033-PET |
| ) | |
| Under Contract No. W912GB-21-D-0020 ) | |
|   Delivery Order No. W912GB-21-F-0244 ) | |

APPEARANCES FOR THE PETITIONER:    James H. Price, Esq.
                                      Michael R. Franz, Esq.
                                          Lacy, Price & Wagner, P.C.
                                          Knoxville, TN

APPEARANCES FOR THE GOVERNMENT:   Michael P. Goodman, Esq.
                                          Engineer Chief Trial Attorney
                                          David B. Jerger, Esq.
                                          Engineer Trial Attorney
                                          U.S. Army Engineer District, Europe

ORDER PURSUANT TO RULE 1(a)(5)
DIRECTING CONTRACTING OFFICER TO ISSUE DECISION

The contractor filed, under Rule 1(a)(5), a request for an order directing the contracting officer (CO) to render a decision on an October 11, 2024, certified claim in the amount of €7,351,056.66. The contractor requested that the CO issue a decision immediately. The government has advised that a final decision on the claim will be issued by July 25, 2025. We find this date unreasonable and direct the contracting officer to issue a decision by May 27, 2025.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE PETITION

1. On September 16, 2021, the U.S. Army Corps of Engineers (USACE or the government) awarded Delivery Order No. W912GB-21-F-0244 under Contract No. W912GB-21-D-0020 to Relyant Global LLC (Relyant) for the construction of jet fuel storage facilities at Campia Turzii Air base, Romania (pet. resp. at 1).

2. On July 4, 2022, Relyant submitted a variance request to the contracting officer to use alternate material due to alleged design flaws, most consequential, the government's requirements for lightweight fill material and #57 stone design specifications that were unavailable in Romania. The request was denied. Ultimately,

five requests were made and rejected. Sometime after April 26, 2023, a variance request was eventually granted. (Pet., ex. 1[*] at 1, 3-5)

3. On October 4, 2024, Relyant submitted a claim for declaratory relief, essentially requesting a termination for convenience, which was appealed as a deemed denial and designated ASBCA No. 64032 (pet. resp. at 2; ASBCA No. 64032, notice of appeal at 1).

4. On October 11, 2024, Relyant submitted a certified claim to the CO for €7,351,056.66. The claim is seven pages long with two attachments (attachment A is 20 pages and appears to document costs associated with the claim; attachment B is a "Certificate of Current Cost or Pricing Data" signed by Relyant's Chief Financial Officer). USACE responded on November 18, 2024, stating the CO will issue a final decision by July 25, 2025. (Pet. resp. at 1-2; pet., ex. 1)

5. On December 10, 2024, Relyant filed the present petition requesting the Board direct USACE to "immediately" issue a COFD (pet. at 1; pet. resp. at 3). USACE responded, requesting the COFD be issued on the original proposed date of July 25, 2025 (total of 287 days - 9 months, 2 weeks) (pet. resp. at 1, 5).

6. The contract was terminated for default on December 27, 2024 (pet. resp. at 3).

<u>DECISION</u>

When a CO receives a certified claim over $100,000, the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, requires that within sixty days of receipt of the claim, the CO shall (a) issue a decision or (b) notify the contractor of the time within which a decision will be issued. 41. U.S.C. § 7103(f)(2).

The CDA also requires that the decision of the CO on a contractor claim "shall be issued within a reasonable time . . . taking into account such factors as the size and complexity of the claim and the adequacy of information in support of the claim provided by the contractor." 41. U.S.C. § 7103(f)(3).

Under the CDA, "[a] contractor may request the tribunal concerned to direct a contracting officer to issue a decision in a specified period of time, as determined by the tribunal concerned, in the event of undue delay on the part of the contracting officer." 41 U.S.C. § 7103(f)(4). Board Rule 1(a)(5) provides that "[i]n lieu of filing a notice of appeal under paragraph (a)(1) or (a)(2) of this Rule, the contractor may

---

[*] "Pet., ex. 1" refers to the first enclosure included with the petition, the claim dated October 11, 2024.

petition the Board to direct the contracting officer to issue a decision in a specified period of time as determined by the Board."

Whether the time in which a CO states they will issue a decision is reasonable must be determined on a case-by-case basis. *Rizzani de Eccher (USA), Inc.*, ASBCA No. 61584-984, 18-1 BCA ¶ 37,092 at 108,574-575 (finding 10 months and two weeks unreasonable for a claim over $10 million, where the claim itself was 80-pages long and included 108 exhibits); *Volmar Constr., Inc.*, ASBCA No. 60710-910, 16-1 BCA ¶ 36,519 at 177,905-906 (determining 10 months and two weeks unreasonable in a petition involving eight claims totaling over $2.3 million); *Def. Sys. Co.*, ASBCA No. 50534, 97-2 BCA ¶ 28,981 at 144,326-327 (determining nine months reasonable when claimed amount exceeded $71 million and narrative portion of the claim alone exceeded 162 pages); *SoCo-Piedmont J.V., LLC*, ASBCA No. 59318-946, 14-1 BCA ¶ 35,665 at 174,580 (determining eight months reasonable for a claim of $1.9 million with extensive documentation (nine boxes of documents, three years of correspondence, 125 RFIs, and over 1,900 pages of reports)).

Relyant objects to the July 25, 2025, date established by the CO for issuing a decision as being unreasonable and requests that the Board direct the CO to "immediately issue a decision" (SOF ¶ 5). Relyant's petition does not explain why the July 25, 2025, date is unreasonable for the CO to issue a final decision. USACE maintains that the original date the CO established to issue the COFD is reasonable and asserts that the claim is large and complex and that the "adequacy of supporting documentation is being reviewed" (pet. resp. at 4-5). USACE asserts the claim is complex because it consists of multiple legal theories of recovery, cites a series of events covering a span of over two years, includes extensive cost data as attachments, and consists of some of the same legal theories and facts of a separate claim (ASBCA No. 64032) yet seeks a different remedy (SOF ¶¶ 3-4; pet. resp. at 4-5).

We agree that the claimed amount is large (€7,351,056.66); however, regarding the complexity and supporting documentation relating to this claim, we determine the government's arguments are unpersuasive. The claim itself is only a 7-page document with two attachments (SOF ¶ 4). The apparent complexity of the present dispute pales in comparison with the extensive documentation and larger claims in petitions where the Board has found such a lengthy timeframe to issue a COFD reasonable.

Under the circumstances, we conclude that the July 25, 2025, date for issuing a final decision represents undue delay. We believe that a reasonable time for the CO to issue a final decision is May 27, 2025 (approximately seven months).

<u>CONCLUSION</u>

The Board hereby directs the contracting officer to issue a decision on the contractor's claim by May 27, 2025. This Order completes all necessary action by the Board. If the contracting officer fails to comply with this Order, such failure will be deemed a decision by the contracting officer denying the claim, and the contractor may appeal to this Board or sue in the United States Court of Federal Claims pursuant to the Contract Disputes Act, 41 U.S.C. §§ 7103(f)(5), or 7104, as appropriate.

Dated: February 14, 2025

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

LAURA EYESTER
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Order Pursuant to Rule 1(a)(5) of the Armed Services Board of Contract Appeals in ASBCA No. 64033-PET, Petition of Relyant Global LLC, rendered in conformance with the Board's Charter.

Dated: February 14, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4